# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KELLY A. MCNELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-01140-VEH-TMP |
| | ) |
| BETSY GENTILES, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

The magistrate judge filed a report on February 28, 2017, recommending that the defendants' motions for summary judgment be treated as motions to dismiss and the motions be granted and the claims be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust administrative remedies. (Doc. 51). On March 15, 2017, the plaintiff filed objections to the report and recommendation. (Doc. 54). On the same date, the plaintiff moved for an extension of time to conduct additional research and supplement her objections. (Doc. 52). The plaintiff stated that she was recently transferred to another facility and did not have adequate time to conduct research in the prison's law library. (*Id*. at 1-2). On March 16, 2017, the magistrate judge granted the plaintiff's motion for extension of time and allowed her until March 24, 2017, to supplement her

objections to the report and recommendation.  (Doc. 56).  On March 27, 2017, the court received the plaintiff's supplemental objections.  (Doc. 59).

The plaintiff reasserts her claim that she filed three "grievances" with Jackson County Sheriff Chuck Phillips before filing the present action and she has, therefore, exhausted her administrative remedies pursuant to 42 U.S.C. § 1997e(a).  (Doc. 54 at 1-3). The plaintiff does not dispute that the Jackson County Jail provides an administrative remedy for inmate requests and grievances concerning medical and non-medical issues.  (Doc. 26-4, Gentles Aff. ¶ 4; Doc. 26-5 at 88-89).  Under the Jail's grievance procedure, inmates are encouraged to informally resolve grievances between themselves and members of the staff when possible.  (Doc. 26-5 at 88).  If informal resolution is not possible, an inmate may complete an Inmate Request Form stating his or her grievance. (*Id*.).  The Corrections Deputy receiving the request form must sign it, date it, and note the time it is received.  (*Id*.).  If possible, the Corrections Deputy receiving the grievance should answer it but, if he or she cannot do so, it should be forwarded to the Shift Sergeant for further action.  (*Id*.). Any Corrections Deputy answering a grievance must determine if a staff member or inmate has acted improperly, if an inmate's rights were violated, if privileges were unjustly denied, or if a crime was committed.  (*Id*.).  After reviewing the grievance, the officer must write a response on the Inmate Request Form, giving

findings which substantiate or disprove the complaint and, if applicable, a remedy. (*Id*. at 88-89).   The officer must also sign, date, and note the time of their response on the request form.   (*Id*. at 89).

After the process is completed, a copy of the Inmate Request Form containing the response must be made and delivered to the inmate.   (Doc. 26-5 at 89).   The original form, containing the response, should be forwarded to the Shift Sergeant for review, and then placed in the inmate's Jail file.   (*Id*.).   These tasks should be accomplished within 72 hours of the time that the grievance was received, excluding weekends and holidays.   (*Id*.).   Grievances should be answered by the appropriate staff member at the lowest level of the chain of command.[1]   (*Id*.).   If an inmate is dissatisfied with the response she receives to a request or grievance, she may appeal, in writing, to the next higher level in the chain of command of the Sheriff's Office above the person issuing the response.   (*Id*.).

---

[1] The plaintiff argues that "there is nothing [in the grievance procedure] that mandates she resolve the issues starting with the lower chain [of command]."   (Doc. 59 at 4). However, this is precisely what the grievance procedure requires.

It is undisputed that the plaintiff did not submit a grievance pursuant to the Jail's grievance procedure in which she complained that defendants Gentles and Hughes denied her medical care for her allergic reaction and used excessive force against her on March 4, 2015. It is also undisputed that the plaintiff failed to submit a grievance regarding defendant Burbank's alleged deliberate indifference to the plaintiff's serious medical needs when Burbank failed to note the plaintiff's bean allergy in her medical records or inform jail staff of the same. Instead, the plaintiff filed three letters, or "grievances," directly to Sheriff Phillips concerning the events involving the defendants on March 4, 2015. (Doc. 36 at 15-17; Doc. 24-12 at 1-3; Doc. 24-12 at 4). The plaintiff argues in her objections that she is "excused and/or immune" from the Jail's grievance procedure since one of her complaints concerned defendant Gentles, "the highest ranking official [at] the Jackson County Jail." (Doc. 54 at 2). The plaintiff reasons it was permissible for her to forward her grievances directly to Sheriff Phillips. (*Id.*).

The U.S. Supreme Court has held that exhaustion of administrative remedies must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. In other words, an

institution's requirements define what is considered exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Therefore, under the law, a plaintiff must do more than simply initiate a grievance; she must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005))).

The plaintiff cannot simply ignore the Jackson County Jail's established grievance procedure or alter the process to fit what she considers to be "common sen[s]e." (Doc. 54 at 1). Indeed, the Supreme Court concluded that exhaustion of administrative remedies is mandatory even if the procedures to do so do not meet certain "minimum acceptable standards" of fairness and effectiveness, and courts do not have discretion to excuse exhaustion even when exhaustion is not "appropriate and in the interest of justice." *Booth v. Churner*, 532 U.S. 731, 740 n.5 (2001).

In her supplemental objections, the plaintiff argues for the first time that she was provided only one Inmate Request Form while housed at the Jackson County Jail in March 2015 and that jail staff denied her additional forms. (Doc. 59 at 1). The plaintiff's objections are not well taken. As an initial matter, the magistrate

judge specifically advised the plaintiff that her "[o]bjections should not contain new allegations, present additional evidence, or repeat legal arguments ."  (Doc. 51 at 20).  Although the plaintiff stated in her response to summary judgment that Inmate Request Forms are not readily available to inmates upon request, she acknowledged that "[i]t may be the next shift or even days before any are provided again."  (Doc. 35 at 7).  The plaintiff did not allege in her response that she requested Inmate Request Forms and jail staff denied her forms for the duration of her stay.[2]  Neither does the plaintiff provide any supporting facts for her claim that she was denied Inmate Request Forms.  For instance, the plaintiff does not provide the names of the individual jail employees to whom she made her requests for forms, the dates on which the she made the requests, or the responses she received.  The plaintiff cannot state new allegations at this late juncture.  Based on the foregoing, the plaintiff's objections are **OVERRULED**.

The undisputed facts show that the plaintiff did not comply with the Jail's grievance procedure to properly exhaust her administrative remedies with regard to the constitutional claims she now alleges against defendants Gentles, Hughes, and Burbank in her original and amended complaints.  Thus, the defendants have met

---

[2] On March 11, 2015, the plaintiff filed an Inmate Request Form stating that she "need[ed] a break," and requesting that defendant Gentles allow her one hour out of lock-down. (Doc. 26-5 at 69).  The plaintiff now claims that this was the only grievance form she received. (Doc. 59 at 1-2).

their burden of showing the plaintiff did not exhaust available administrative remedies.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, the defendants' motions for summary judgment are due to be treated as motions to dismiss and the motions are due to be granted and the claims dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust administrative remedies.

A Final Judgment will be entered.

**DONE** this the 28th day of March, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
UNITED STATES DISTRICT JUDGE